IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MACROFERTIL AUSTRALIA PTY. LTD. | § § § | |
| *vs.* | § § | C.A. NO. H – 16 – 2138 |
| M/V HUAYANG SUNRISE, *her tackle, apparel, furniture, equipment, etc., et al.,* | § § § § | ADMIRALTY |

## *ORIGINAL  COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Macrofertil Australia Pty. Ltd. brings this Original Complaint against Defendants, the M/V HUAYANG SUNRISE, *in rem*, and Xiangyang International Ship Lease Co. Ltd. ("XIS"), Huayang (Hongkong) Shipping Limited ("Huayang") and Huayang Maritime Center ("HMC"), *in personam*, and for causes of action respectfully will prove by a preponderance of the credible evidence:

1.     This action arises from damage and loss to a maritime cargo, breach of a maritime contract and/or a maritime tort.  Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2.     Plaintiff is a foreign business entity organized under law in Australia with its principal place of business in North Fremantle, Western Australia, Australia.

3.     On information and belief, the property that is the subject of this *in rem* action, the M/V HUAYANG SUNRISE, is an ocean–going general cargo ship built in 2011, registered under law in Hong Kong, bearing International Maritime Organization (IMO) No. 9431898 and weighing approximately 22,837 gross tons, and is engaged in the carriage of cargo to and/or from ports in the United States.  That property is or will be within the Southern District of Texas while this action is pending.

4.     At all times material, XIS was the registered owner of the M/V HUAYANG SUNRISE, operating her as a common carrier of goods by water for hire between various ports, including the Ports of Jorf Lasfar, Morocco, Kwinana, Australia, Albany, Australia and Houston.  XIS is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  XIS is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively, although XIS may not be subject to the jurisdiction of the courts of general jurisdiction of

Texas or any other state, this action arises under federal law and XIS has sufficient national minimum contacts with the United States as a whole.  The exercise of personal jurisdiction over XIS is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving XIS with a summons is effective to establish personal jurisdiction over it.  At the time of filing this Complaint, the M/V HUAYANG SUNRISE is berthed at Texas Terminals LP, at the Port of Houston.  XIS can be served by and through the vessel's Master, Chief Mate, Second Officer, Third Officer and/or other deck officer on duty.  Alternatively, XIS can be served by serving the Texas Secretary of State.  Process or notice can be sent to XIS at its home office at 1/F Far East Consortium Building, 121 Des Voeux Road Central, Hong Kong Special Administrative Region of the People's Republic of China.

5.     At all times material, Huayang was the disponent owner of the M/V HUAYANG SUNRISE, operating her as a common carrier of goods by water for hire between various ports, including the Ports of Jorf Lasfar, Kwinana, Albany and Houston.  Huayang is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil

Practice & Remedies Code.  Huayang is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively, although Huayang may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, this action arises under federal law and Huayang has sufficient national minimum contacts with the United States as a whole.  The exercise of personal jurisdiction over Huayang is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving Huayang with a summons is effective to establish personal jurisdiction over it.  At the time of filing this Complaint, the M/V HUAYANG SUNRISE is berthed at Texas Terminals LP, at the Port of Houston.  Huayang can be served by and through the vessel's Master, Chief Mate, Second Officer, Third Officer and/or other deck officer on duty.  Alternatively, Huayang can be served by serving the Texas Secretary of State.  Process or notice can be sent to Huayang at its home office at Room 12, Block 2, 23/F, Lippo Centre, 89 Queensway, Admiralty, Hong Kong Special Administrative Region of the People's Republic of China.

6.     At all times material, HMC was the manager of the M/V HUAYANG SUNRISE, operating her as a common carrier of goods by water for hire between various ports, including the Ports of Jorf Lasfar, Kwinana, Albany and Houston. HMC is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas,

operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  HMC is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively, although HMC may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, this action arises under federal law and HMC has sufficient national minimum contacts with the United States as a whole.  The exercise of personal jurisdiction over HMC is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving HMC with a summons is effective to establish personal jurisdiction over it.  At the time of filing this Complaint, the M/V HUAYANG SUNRISE is berthed at Texas Terminals LP, at the Port of Houston.  HMC can be served by and through the vessel's Master, Chief Mate, Second Officer, Third Officer and/or other deck officer on duty.  Alternatively, HMC can be served by serving the Texas Secretary of State.  Process or notice can be sent to HMC at its home office at Floor 4F, Tonglian Mansion, 240 Huixinli Chaoyang Qu–100029 Beijing, People's Republic of China.

7.      On or about January 6–13, 2016, Plaintiff's shipper tendered a cargo of NPS fertilizer in good order and condition to Defendants at Jorf Lasfar.  On or before that date, Defendants had agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Kwinana and Albany the cargo in the same good order and condition as when received, in consideration of paid freight charges.  Defendants acknowledged receipt of the cargo in good order and condition and, accordingly therewith, issued Bill of Lading No. 1, free of exceptions or other notations for loss or damage, and loaded and stowed the cargo aboard the M/V HUAYANG SUNRISE.

8.      Thereafter, on or about February 22, 2016 and February 28, 2016, the M/V HUAYANG SUNRISE respectively arrived at the Ports of Kwinana and Albany where Defendants later discharged the cargo, not in the same good order and condition as when received but, on the contrary, much of the cargo was wet, damp, clumped, contaminated and/or otherwise physically damaged.  The damages and losses proximately resulted from Defendants' respective acts and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire.  Alternatively, the loss proximately resulted from the unseaworthiness of the M/V HUAYANG SUNRISE.

9.      Plaintiff proximately has sustained damages exceeding the amount of $6,200,000 as presently as can be determined, demand for which has been made upon Defendants, but which they refuse to pay.

10.     At all times material, Plaintiff owned the cargo and brings this action for itself and/or as agent and/or trustee for all persons or entities, including any marine cargo underwriters, that are or become interested in the cargo.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Macrofertil Australia Pty. Ltd. that: process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V HUAYANG SUNRISE, her engines, tackle, apparel, furniture, equipment, *etc*.; all persons claiming an interest therein be required to appear and answer under oath, all and singular, the matters aforesaid; it have judgment for its damages, interests, and costs; the M/V HUAYANG SUNRISE be condemned and sold to satisfy the damages aforesaid; and,

This Honorable Court adjudge that the M/V HUAYANG SUNRISE, *in rem*, and Xiangyang International Ship Lease Co. Ltd., Huayang (Hongkong) Shipping Limited and Huayang Maritime Center, *in personam*, are liable to Plaintiff, jointly and severally, for its alleged damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By_____

    Robert C. Oliver

    State Bar No. 15255700

    S. D. Texas No. 886

    5535 Memorial Drive, Suite F570

    Houston, Texas 77007

    Telephone:     (713) 864–2221

    Facsimile:     (713) 864–2228

    Email:    macknife@macknife.net

OF COUNSEL:

R. M. Sharpe, Jr.

State Bar No. 18129000

S. D. Texas No. 889

ATTORNEYS    FOR    PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MACROFERTIL AUSTRALIA PTY. LTD. | § § § | |
| *vs.* | § § | C.A. NO. H – 16 – 2138 |
| | § | ADMIRALTY |
| M/V HUAYANG SUNRISE, *her* *tackle, apparel, furniture, equipment,* *etc., et al.,* | § § § | |

## *VERIFICATION*

1.      My name is Robert C. Oliver.  I am the attorney of record for Plaintiff in this action, Macrofertil Australia Pty. Ltd.

2.      I prepared and read the attached Original Complaint in this action.

3.      The contents of the Original Complaint are true and correct to the best of my information and belief.  The sources of information forming the basis for my information and belief as to all factual averments in the Original Complaint are: (a) Plaintiff's reports made to me, (b) my telephone inquiries of local marine bureaus, steamship agents and/or surveyors, (c) my review of today's website entries at Equasis.org and (d) true and correct copies of original invoices, bills of lading and/or marine survey reports pertaining to the cargo and provided to me by Plaintiff and/or its authorized representative.

4.     The reason for this verification is that Defendants, Xiangyang International Ship Lease Co. Ltd. ("XIS") and Huayang (Hongkong) Shipping Limited ("Huayang") are foreign entities and cannot be found in the Southern District of Texas.

5.     To the best of my information and belief, none of XIS's or Huayang's officers or directors is located within the Southern District of Texas.

6.     To the best of my information and belief, XIS's or Huayang's only known asset within the Southern District of Texas is the M/V HUAYANG SUNRISE, now located at Texas Terminals, LP, at the Port of Houston.

7.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I executed this Verification on July 19, 2016.

_____
Robert C. Oliver

10